U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 4 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEZLI OWENS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-473-A |
| | § | (NO. 4:15-CR-214-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lezli Owens ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the memorandum in support, the government's response, and pertinent parts of the record in Case No. 4:15-CR-214-A, styled "United States of America v. Lezli Owens, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 16, 2015, movant and Caleb Smith were named in a one-count indictment charging them with conspiracy to possess with intent to distribute a controlled substance, in violation of

21 U.S.C. § 846. CR Doc.[1] 18. On October 23, 2015, movant pleaded guilty to the charge set forth in the indictment. CR Doc. 29. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 83. The court accepted for filing the factual resume movant and her attorney had signed on October 1, 2105. CR Doc. 83 at 22; CR Doc. 31.

The probation officer prepared a PSR that indicated that movant's base offense level of 34 with a two-level enhancement for use of a dangerous weapon in drug-trafficking and a two-level enhancement for importation of methamphetamine from Mexico and a

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal action.

three-level reduction for acceptance of responsibility, for a total offense level of 35. CR Doc. 39, PSR at 14-15, ¶¶ 66-76. Based on her total offense level and criminal history category of IV, the guideline imprisonment range was 235 to 293 months; however, the statutorily authorized maximum sentence of twenty years reduced the guideline range to 235 months to 240 months. Id. at 28, ¶ 157. The probation officer concluded with a discussion of factors that might warrant upward departure and a sentence outside the advisory guideline system. Id. at 30-31, ¶¶ 171-73. Following objections by movant, CR Doc. 62, the probation officer issued an addendum to the presentence report. CR Doc. 43. Movant again objected. CR Doc. 63. By order signed February 19, 2016, the court notified the parties that it had tentatively concluded that the objections were without merit. CR Doc. 52.

On February 28, 2016, movant was sentenced to a term of imprisonment of 240 months, to be followed by a three-year term of supervised release. CR Doc. 58. Movant appealed and her sentence was affirmed. CR Doc. 81. United States v. Owens, 672 F. App'x 395 (5th Cir. 2016).

II.

## Grounds of the Motion

Movant urges four grounds in support of her motion, worded as follows:

> Ground One: Ineffective Assistance of Counsel Pretrial Stage. Counsel Failed to File A Motion to Suppress As Requested.

Doc.[2] 1 at Page 5 (preprinted numbers at top right corner of form).

> Ground Two: Ineffective Assistance of Counsel at Sentencing Hearing.

Doc. 1 at Page 5.

> Ground Three: Ineffective Assistance of Counsel. The elements established in the factual resume and PSR does [sic] not meet elements of conspiracy.

Doc. 1 at Page 8.

> Ground Four: Ineffective Assistance of Counsel on Direct Appeal.

Doc. 1 at second Page 8.

III.

## Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[2]The "Doc.___" reference is to the number of the item on the docket in this civil action.

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

5

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations

6

of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In her first ground, movant states that her counsel was informed of an illegal stop, detention and seizure and was asked to file a motion to suppress, but failed to do so. Doc. 1 at Page 4, supporting facts. In her brief, movant describes stops on August 7, 2014, and March 3, 2015, and conclusorily alleges that evidence should have been suppressed and that the outcome would have been different if suppression motions had been pursued. However, conclusory allegations are insufficient to raise a ground of ineffective assistance. Miller, 200 F.3d at 282. And, in any event, by pleading guilty, movant waived all non-jurisdictional defects in the proceedings, including objections to searches and seizures that violated the Fourth Amendment. United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002). She cannot now complain about her attorney's failure to file a motion to suppress. United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008).

In her second ground, movant says that she received ineffective assistance of counsel because the enhancements she

7

received should not have been applied. Doc. 1 at Page 5. Movant received a two-level enhancement for possession of a dangerous weapon by another person involved in the drug conspiracy. USSG § 2D1.1(b)(1); CR Doc. 39 at 14, ¶ 67. From the facts admitted by movant, she could easily have foreseen the possession of the weapon. United States v. Zapata-Lara, 615 F.3d 388, 390 (5th Cir. 2010); United States v. Garza, 118 F.3d 278, 286 (5th Cir. 1997). Thus, application of the enhancement was appropriate. Movant also received a two-level enhancement for importation of the methamphetamine from Mexico. CR Doc. 39 at 14, ¶ 68. Movant herself reported that the methamphetamine she received came from Mexican drug cartels. CR Doc. 39 at 8, ¶¶ 25-26. Movant's counsel was not ineffective in the respects alleged in this ground. The enhancements were properly applied.

In her third ground, movant asserts that the elements established in the factual resume and PSR do not meet the elements of conspiracy. Doc. 1 at Page 8. She argues that the "government failed to offer in its factual resum [sic] any evidence that the defendant was involved with two or more people and they agreed in some way to try to accomplish a shared unlawful plan to posses [sic] with intent to distribute methamphetamine." Doc. 1 at 15 (typewritten page number at bottom right corner). In conclusion, she urges that there is not "a

single paragraph or piece of evidence that conclusively proves a conspiracy." Id. at 18. The argument ignores movant's admissions in open court and the factual resume, which sets forth the elements of the offense. CR Doc. 83; CR Doc. 31. Movant's attorney cannot be faulted for failure to raise a meritless objection. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

In the third ground, movant also alludes to fear tactics and intimidation to coerce a guilty plea, but she offers no support for these allegations. Doc. 1 at 17. It appears that this language may have come from the Mercer case movant cites. United States v. Mercer, 165 F.3d 1331 (11th Cir. 1999).[3] Here, movant admitted in open court that she had not been coerced in any way to plead guilty and that she was satisfied with her attorney. CR Doc. 83.

In her fourth ground, movant appears to complain that her attorney failed to file a motion for en banc consideration of her appeal. Doc. 1 at Page 8. In her brief, she adds that counsel should have attacked the unreasonableness of her sentence. Doc. 1 at 19-21. On appeal, counsel should raise solid, meritorious arguments based on directly controlling precedent. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Counsel need

---

[3] Mercer is distinguishable for numerous reasons that the court need not discuss here.

not raise every nonfrivolous ground however. <u>Id.</u> Movant's counsel did attack her within-guidelines sentence on appeal. The appellate court noted that the sentence was presumptively reasonable and that movant had not rebutted the presumption. 672 F. App'x at 396. Movant cannot now wage the same attack here. <u>Moore</u>, 598 F.2d at 441. With regard to the allegation that her counsel should have sought <u>en banc</u> consideration, movant has not shown that the outcome of the appeal would have been different, much less that such a request would have had any merit.[4]

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

---

[4] After noting that movant had not filed a motion for <u>en banc</u> hearing, the Fifth Circuit said that it was bound to follow <u>United States v. Foulks</u>, 747 F.3d 914 (5th Cir. 2014), [the case movant now references in her memorandum] absent an intervening change in law. <u>United States v. Owens</u>, 672 F. App'x 395, 396 (5th Cir. 2016). Movant has failed to point out any such change.

10

denial of a constitutional right.

SIGNED August 4, 2017.

_____
JOHN McBRYDE
United States District Judge